# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| JACK STRATTON, on behalf of Isaiah Stratton and Spencer Stratton,<br><br>        Petitioner,<br><br>vs.<br><br>STATE OF IOWA,[1]<br><br>        Respondent. | No. C06-2069-LRR<br><br>ORDER |

This matter is before the court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner filed such application on October 6, 2006. The petitioner paid the statutory filing fee. *See* 28 U.S.C. § 1914(a) (requiring $5.00). In addition to his application for a writ of habeas corpus, the petitioner submitted several state court orders.

## *DISCUSSION*

### *A. Initial Review Standard*

Rule 4 of the Rules Governing Section 2254 Cases provides that the court shall conduct an initial review of the application for habeas corpus and summarily dismiss it, order a response, or "take such action as the judge deems appropriate." *See* Rule 4, Rules

---

[1] The court notes that the petitioner brings this action against the "State of Iowa." 28 U.S.C. § 2243 makes clear that the proper respondent in a federal habeas corpus action is "the person having custody of the person detained." *See also* 28 U.S.C. § 2242 (stating application shall allege the name of the person who has custody over him); *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). Thus, the petitioner improperly named the "State of Iowa" as the respondent.

Governing Section 2254 Cases. The court may summarily dismiss an application without ordering a response if it plainly appears from the face of the application and its exhibits that the petitioner is not entitled to relief. *See id.*; 28 U.S.C. § 2243; *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). For the reasons set forth below, summary dismissal is appropriate in this case.

## *B. The Petitioners' Application*

From his application for a writ of habeas corpus, it is clear that the petitioner is attempting to challenge the Iowa District Court in and for Black Hawk County's order which directs the Cedar Falls Police Department to: (1) secure the custody of Isaiah Stratton and Spencer Stratton pursuant to an order from a North Carolina court, and (2) immediately turn over custody of Isaiah Stratton and Spencer Stratton to the Iowa Department of Human Services. In his application, the petitioner claims several constitutional violations occurred. Specifically, the petitioner asserts that a due process violation, equal protection violation and a Fourth Amendment violation occurred. All of the constitutional violations that the petitioner complains about stem from alleged deficiencies in the state judicial process. As relief, the petitioner asks the court to issue a writ on behalf of Isaiah Stratton and Spencer Stratton and to issue a temporary injunction which prevents the return of Isaiah Stratton and Spencer Stratton to North Carolina.

The petitioner's attempt to invoke federal habeas corpus jurisdiction under 28 U.S.C. § 2254 is precluded by the Supreme Court's decision in *Lehman v. Lycoming County Children's Servs. Agency*, 458 U.S. 502, 102 S. Ct. 3231, 73 L. Ed. 2d 928 (1982). In *Lehman*, the Supreme Court held that federal courts lack habeas jurisdiction over claims that challenge state child-custody decisions, even if those claims collaterally attack the custody proceedings as constitutionally defective. *Lehman*, 458 U.S. at 510-516; *see also Amerson v. Iowa Dep't of Human Servs.*, 59 F.3d 92, 93-94 (8th Cir. 1995) (concluding action was merely an assertion of the right to custody of a child and such assertion could not form a basis for habeas jurisdiction under 28 U.S.C. § 2254); *Anderson*

v. *Colorado*, 793 F.2d 262, 263 (10th Cir. 1986) (barring use of "federal habeas relief as a vehicle to undo the custody decision of the" state court); *cf. United States ex rel. Mueller v. Missouri Div. of Family Servs.*, 123 F.3d 1021, 1023 (8th Cir. 1997) (addressing when a person is "in custody" and affirming district court's decision to dismiss for lack of jurisdiction because family matter was at issue rather than a situation that involved criminal incarceration), opinion withdrawn July 18, 1997; *Amerson*, 59 F.3d at 94 (determining homes and facilities in which child was placed did not so severely restrict liberty as to qualify as "custody" for purposes of filing habeas corpus application). Thus, the court is without jurisdiction to issue a writ of habeas corpus in this matter. Because it is clear subject matter jurisdiction does not exist, the application for a writ of habeas corpus shall be dismissed summarily under Rule 4 of the Rules Governing Section 2254 Cases.[2]

**IT IS THEREFORE ORDERED**:

The petitioners' 28 U.S.C. § 2254 application is dismissed.

**DATED** this 18th day of October, 2006.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[2] The court notes that an action pursuant to 42 U.S.C. § 1983 is also unavailable to the petitioner. *See e.g., Ballinger v. Culotta*, 322 F.3d 546, 548-49 (8th Cir. 2003) (concluding *Rooker-Feldman* doctrine bared the district court from considering plaintiff's claims); *Amerson v. Iowa*, 94 F.3d 510 (8th Cir. 1996) (reviewing abstention principles and determining the district court lacked authority to review the state court termination of plaintiff's parental rights).